**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

IVAN GONZALEZ,

        Petitioner,

v.                                                          Case No. 3:15-cv-1049-J-32JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.
_____

## **ORDER**

### **I. Status**

Petitioner initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) (Petition) on August 24, 2015.[1] Because the Petition was not signed by Petitioner, the Court directed him to file an Amended Petition. See Order (Doc. 3). He did so on September 14, 2015.[2] See Amended Petition (Doc. 5). He challenges two 2010 state court (Duval County, Florida) judgments of conviction for aggravated battery, two counts of child abuse, dealing in stolen property, and false verification of ownership on a pawnbroker transaction form.[3] He is serving a total term of imprisonment of 25 years.

---

[1] The Petition is not date-stamped by the prison or signed by Petitioner.

[2] The Court applies the mailbox rule to Petitioner's pro se filings. See Houston v. Lack, 487 U.S. 266, 276 (1988).

[3] Petitioner was charged in two separate cases, but all charges were consolidated for trial. See State of Florida v. Gonzalez, Nos. 16-2009-CF-9010-AXXX-MA, 16-2009-CF-9453-AXXX-MA (Fla. 4th Cir. Ct.).

Respondents contend that the Petition was untimely filed, and therefore, this case must be dismissed. See Answer/Motion to Dismiss (Doc. 15).[4] The Court directed Petitioner to file a reply or notice that he would not do so, but Petitioner has not filed any papers in this case since the filing of the Amended Petition.[5] See Orders (Docs. 7, 17). The case is ripe for review.[6]

## II.  One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[4] The Court cites to the Respondents' exhibits as "Ex."

[5] The docket reflects that the Clerk received correspondence from Petitioner on June 5, 2017, and the Clerk responded with a courtesy copy of the docket sheet. On June 6, 2017, the Court entered an Order (Doc. 17) directing Petitioner to file a reply or notice by July 19, 2017. He has not done so.

[6] "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court, and "[t]he record provide[s] no basis for further inquiry" regarding equitable tolling. Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006). Thus, an evidentiary hearing will not be conducted.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

After a jury trial, Petitioner was found guilty as charged, and judgment was entered against him on July 23, 2010 in both cases. See Ex. A at 75-81; Ex. B at 66-71. On October 11, 2011, the First District Court of Appeal (DCA) entered a consolidated per curiam affirmance in Petitioner's direct appeals. See Ex. F (consolidating case nos. 1D10-4320 and 1D10-4365). Therefore, his judgments of conviction became final 90 days later on January 9, 2012. See Clay v. United States, 537 U.S. 522 (2003); Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of

that motion." (citing Supreme Court Rule 13.3)).[7] The following day, January 10, 2012, Petitioner's federal one-year period of limitations began to run, and it ran through its expiration one year later without the filing of a tolling motion.[8] The Petition, filed on August 24, 2015, is untimely.

It is well-settled that "[w]hen a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015), cert. denied, 137 S. Ct. 830 (2017). "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009), cert. denied, 138 S. Ct. 1042 (2018). To warrant the application of this extreme remedy, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "The petitioner has the burden of establishing his

---

[7] Supreme Court Rule 13.3 states, in pertinent part: "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate."

[8] Petitioner filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 on November 18, 2013. See Ex. H. By that time, however, the federal one-year limitations period had already expired. Thus, even if Petitioner's untimely Rule 3.850 motion was "properly filed," it could not toll the federal one-year limitations period because there was no time left to toll. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that where a state prisoner files post-conviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll").

entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1158 (11th Cir. 2014) (citation omitted); see Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) ("[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (citation omitted)).

Petitioner acknowledges that his Petition is untimely filed. See Petition at 12-14; Amended Petition at 12-14. In an attempt to avoid application of the one-year period, Petitioner contends that his native language is Spanish, he speaks very little English, and he cannot read or write in English. He asserts that since his reception into the Florida Department of Corrections, he has not been provided with the services of an interpreter, he has been transferred several times, and he has spent a lot of time in solitary confinement for protection and security reasons. He alleges that he sought assistance from inmate law clerks, but his confinement status and transfers prevented him from obtaining such assistance.

Petitioner's assertions are insufficient to warrant the extraordinary remedy of equitable tolling. See, e.g., Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) ("An inability to understand English does not constitute extraordinary circumstances justifying equitable tolling." (citing United States v. Montano, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005))); Miller v. Florida, 307 F. App'x 366, 368 (11th Cir. 2009) (affirming a district court's dismissal of a habeas petition as untimely; "restricted access to a law library, lock-downs, and solitary confinement," as well as "lack of legal training" and "inability to obtain appointed counsel" generally do not qualify as circumstances warranting equitable tolling); Paulcin v.

5

McDonough, 259 F. App'x 211, 213 (11th Cir. 2007) (finding that an inmate's "transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances"); Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005); Perry v. Sec'y, Dep't of Corr., No. 6:14-cv-262-Orl-31TBS, 2016 WL 345526, at *3 (M.D. Fla. Jan. 28, 2016) (unpublished) (acknowledging that "[f]actors such as a lack of access to a law library, lack of legal papers, ignorance of the law, lack of education, and pro se status are not considered extraordinary circumstances that would excuse an untimely habeas petition" (citations omitted)). Petitioner also has not alleged or made a sufficient showing to warrant the actual innocence exception.

Because Petitioner has failed to show an adequate reason why the dictates of the one-year limitations period should not be imposed upon him, this case is due to be dismissed with prejudice as untimely.[9] Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED with prejudice** as untimely filed.

2. The Clerk shall enter judgment dismissing the case with prejudice and close the file.

---

[9] Petitioner raises two ineffective assistance of trial counsel claims in the Amended Petition, both of which he raised in his Rule 3.850 motion. The circuit court dismissed the Rule 3.850 motion with prejudice as untimely. See Ex. H at 16-18. Petitioner appealed, and the First DCA per curiam affirmed without a written opinion. See Ex. J. Even if Petitioner could overcome the one-year limitations period, his claims in the Amended Petition are procedurally defaulted, and he has not shown any reason why the default should be excused or his claims otherwise heard.

3.  If Petitioner appeals, the Court denies a certificate of appealability.[10] The Clerk shall terminate any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of May, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 5/4
c:
Ivan Gonzalez, #J41980
Counsel of Record

---

[10] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), "or that the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. However, "[w]hen the district court denies a habeas petition on procedural grounds . . . a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

7